UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZUMEDIA INC., <br><br> Plaintiff, <br><br> v. <br><br> IMDB.COM, INC., <br><br> Defendant. | No. 23-cv-8472 <br><br> COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT |

zuMedia Inc. ("zuMedia"), by and through its attorneys Tarter Krinsky & Drogin LLP, for its complaint against defendant IMDb, Inc. ("Defendant") alleges as follows:

### NATURE OF ACTION AND RELIEF SOUGHT

1. This is a case of actual controversy under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), *et seq.*, for a declaratory judgement of non-infringement of Defendant's IMDB trademarks. zuMedia also brings this action under 15 U.S §1119 for cancellation of Defendant's United States Trademark Reg. No. 3,936,436 for IMDB and No. 4,710,373 for IMDb and Design.

2. This action arises out of Defendant's demands that zuMedia cease and desist from all use of its DMDb mark and abandon its applications to register this mark with the United States Patent and Trademark Office ("USPTO").

3. Courts in this District have held that a cease-and-desist letter threatening litigation over a trademark may create a controversy addressable through a declaratory judgment. *See Sasson v. Hachette Filipacchi Presse*, No. 15 Civ. 194 (VM) (SN), 2016 WL 1599492, at *3-4 (S.D.N.Y.

Apr. 20, 2016); *Classic Liquor Imps., Ltd.*, 151 F. Supp. 3d 451, 457 (S.D.N.Y. 2015); *Gelmart Indus., Inc. v. Eveready Battery Co.*, 120 F. Supp. 3d 327, 331-32 (S.D.N.Y. 2014).

## THE PARTIES

4. zuMedia is a corporation formed under the laws of the State of New York with an office at 1180 Sixth Avenue, Eighth Floor, New York, New York.

5. Upon information and belief, Defendant is a corporation formed under the laws of the State of Delaware with a place of business at 410 Terry Avenue, North Seattle, Washington.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338. The claims alleged in this Complaint arise under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* and the Lanham Act, 15 U.S.C. §§ 1052 *et seq*. and § 1119.

7. The Declaratory Judgment Act permits a federal court, "[i]n a case of actual controversy," to "declare the rights ... of any interested party seeking such declaration." 28 U.S.C. § 2201(a).

8. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant regularly does business in this District, regularly solicits and targets customers and potential customers in this District, and otherwise has substantial, continuous, and systemic contacts with the State of New York and this District.

9. On or about May 18, 2023, Defendant sent a letter to zuMedia's counsel ("the May 18 Letter"), in this District, stating that zuMedia's use of its DMDb marks "is likely to cause consumer confusion or otherwise adversely affect the strength or distinctiveness of [Defendant's] IMDb Marks" and that "IMDb is duty-bound to protect its customers, however. Therefore, IMDb

must address applications for and uses of marks that are confusingly similar to its famous IMDb Marks, or which would otherwise harm its trademark rights." By that letter, Defendant demanded, among other things, that zuMedia (a) "Permanently cease all use of the DMDb name and all other DMDb marks;" (b) "Permanently cease all use of the domain name *dmdb.com* and transfer it to IMDb;" (c) "Withdraw its pending U.S. trademark application Serial Nos. 97/540,766; 97/798,384; 97/799,285 and 97/866,989, and any other U.S. trademark applications it has filed for marks incorporating DMDb."

10. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because, upon information and belief, a substantial part of the events giving rise to ZuMedias' claims occurred in this District and because Defendant purposefully availed itself to this District and Defendant is subject to personal jurisdiction in this District.

11. An actual case or controversy exists between the parties. In addition to the assertions of a likelihood of confusion and demands made in the May 18 Letter, Defendant filed a Notice of Opposition with the USPTO's Trademark Trial and Appeal Board regarding zuMedia's application to register DMDb (Application Ser. No. 97540766) (the "Notice") in which Defendant asserted, among other things, that "[the DMDb] Mark is likely to cause confusion, mistake, or deception, in violation of 15 U.S.C. § 1052(d); (b) [the DMDb] Mark is likely to cause dilution of Opposer's famous IMDb Marks in violation of 15 U.S.C. § 1125(c)(1)," (Notice at ¶18), and that "it is inevitable that consumers will mistakenly believe that zuMedia is [Defendant], or that [zuMedia] and its DMDb-branded goods and services are a new division of [Defendant's] IMDb brand, or are otherwise approved by or associated with [Defendant]. *Id*. at ¶23. *See also Id*. at ¶¶ 28, 31.

## GENERAL ALLEGATIONS

12. zuMedia's DMDb.com website features a unique social media platform on which users can, among other things, display artwork, livestream events, host watch parties, broadcast videos and email and direct message each other. DMDb also provides an online digital media database which provides information concerning the cast, crew, producers, developers and/or creators of a vast array of digital media content including, without limitation, motion pictures, television series, advertisements, websites, video games, NFT's and viral videos.

13. As set forth in the May 18 Letter and the Notice, Defendant claims to be the owner of the mark IMDB for use in connection with a variety of goods and services and a number of U.S. Trademark Registrations for the IMDB mark including, without limitation, Reg. No. 3,936,436 for DMDB and 4,710,373 for DMDb and Design.

14. On April 7, 2023, during a telephone call, Defendant's counsel demanded that zuMedia cease all use of its DMDb mark and withdraw all its trademark applications therefor and stated that there was no other way to resolve the matter.

15. On May 18, 2023, zuMedia's counsel received the May 18 Letter in which Defendant stated that zuMedia's use of its DMDb marks "is likely to cause consumer confusion or otherwise adversely affect the strength or distinctiveness of [Defendant's] IMDb Marks," and demanded, among other things, that zuMedia, "[p]ermanently cease all use of the DMDb name and all other DMDb marks."

16. zuMedia responded to the May 18 Letter by letter dated June 6, 2023 ("June 6th Letter"). In that letter, zuMedia noted that "DB" is a common abbreviation for "database," to which no one possesses exclusive rights, and is found in the Collins Dictionary[1], among other places.

---

[1] Publicly available at the following URL: https://www.collinsdictionary.com/us/dictionary/english/db

17. "dB" is also a common symbol and abbreviation for decibel.[2] [3]

18. In its June 6th letter, zuMedia also noted that marks comprised of an acronym combined with DB are commonly used as names of online databases, including a number of online databases which feature some of the same information provided by the parties' respective online databases.

19. On July 27, 2023, Defendant filed the Notice, in which Defendant stated, among other things, that "[the DMDb] Mark is likely to cause confusion, mistake, or deception, in violation of 15 U.S.C. § 1052(d); (b) [the DMDb] Mark is likely to cause dilution of Opposer's famous IMDb Marks in violation of 15 U.S.C. § 1125(c)(1)," (Notice at ¶18), and that "it is inevitable that consumers will mistakenly believe that ZuMedia is [Defendant], or that [zuMedia] and its DMDb-branded goods and services are a new division of [Defendant's] IMDb brand, or are otherwise approved by or associated with [Defendant]."

20. The Notice cited to, among other U.S. Trademark Registrations for IMDB, Reg. Nos. 3,936,436 and 4,710,373, which, upon information and belief should never have been issued because the marks subject of such registrations were not used on all of the recited goods as required.

21. Defendant's repeated allegations that zuMedia's DMDb mark is likely to cause confusion with and dilute Defendant's IMDB mark and brand and its demands that zuMedia permanently cease use of is DMDb mark has created a reasonable apprehension of litigation and accordingly, there exists an actual case or controversy.

---

[2] Publicly available at the following URL https://www.britannica.com/science/decibel
[3] Publicly available at the following URL https://en.wikipedia.org/wiki/Decibel

22. Defendant's allegations and demands have placed a cloud over zuMedia's rights to continue using its IMDb mark.

23. Defendant's allegations and demands are tantamount to a course of conduct which has brought it into adversarial conflict with the defendant.

24. Federal courts may generally hear cases asking for declarations of trademark noninfringement. In doing so, a court must ask "whether the plaintiff engaged in a course of conduct which has brought it into adversarial conflict with the defendant." *Saleh v. Sulka Trading Ltd.*, 957 F.3d 348, 354 (2d Cir. 2020).

25. In view of Defendant's allegations and demands, zuMedia is in need of, and is entitled to, a judicial declaration that: (a) there is no likelihood of confusion between zuMedia's IMDb mark and Defendant's IMDb marks, (b) zuMedia's DMDb mark will not dilute Defendant's IMDb marks; and therefore (c) zuMedia's DMDb mark and its use thereof does not infringe or dilute any federal or state trademarks owned by Defendant and does not constitute unfair competition under federal or state law.

## FIRST CAUSE OF ACTION
(Declaratory Judgement of No Infringement, Unfair Competition or Dilution)

26. zuMedia repeats and reallege the allegations contained in paragraphs 1 to 24 of the Complaint as if fully set forth herein.

27. Defendant has repeatedly asserted that zuMedia's DMDb mark is likely to cause confusion with Defendant's IMDB mark and dilute the purported distinctive quality thereof and has repeatedly demanded, among other things, that zuMedia permanently cease all use of the DMDb mark and abandon all trademark registrations therefor.

28. An actual, present, and justiciable controversy exists between zuMedia and Defendant concerning zuMedia's use of its DMDb mark.

29. zuMedia seeks a declaratory judgment from this Court that the DMDb mark (a) is not likely to cause confusion, mistake or deceive as to the source, affiliation, or sponsorship of zuMedia's goods and services with those of Defendant, and (b) will not dilute the alleged distinctive quality of Defendant's DMDB mark.

30. zuMedia seeks a declaratory judgment from this Court that zuMedia's use of its DMDb mark in commerce does not constitute trademark infringement under the Lanham Act or New York law.

31. zuMedia seeks a declaratory judgment from this Court that zuMedia's use of its DMDb mark in commerce does not constitute unfair competition under the Lanham Act or New York law.

32. zuMedia seeks a declaratory judgment from this Court that zuMedia's use of its DMDb mark in commerce does not constitute trademark dilution under the Lanham Act or under New York law.

**SECOND CAUSE OF ACTION**
(Cancellation of U.S. Trademark Reg. No. 3,936,436)

33. zuMedia repeats and realleges the allegations contained in Paragraphs 1-31 of the Complaint as if fully set forth herein.

34. Under the Lanham Act, district courts are authorized to cancel registrations "[i]n any action involving a registered mark." 15 U.S.C. § 1119.

35. This action involves a registered mark including U.S. Trademark Registration No. 3,936,436 for IMDB for computer application software for mobile devices for use in providing users with access to searchable databases; software for creating searchable databases; software for

wireless content delivery; downloadable software featuring an entertainment database for use on computers and mobile devices; software for accessing information on the Internet or other computer or communications network; software for transmitting, receiving, downloading, streaming, and displaying content, text, visual works, audiovisual works, data, files and electronic works via the Internet or other computer or communications network; software for formatting and converting content, text, visual works, audiovisual works, data, files and electronic works into a format compatible with portable electronic devices and computers; software enabling content, text, visual works, audiovisual works, data, files and electronic works to be downloaded to and accessed on a computer or other portable consumer electronic device (the "'436 Registration").

36. The '436 Registration issued on March 29, 2011.

37. Upon information and belief, Defendant has never used the DMDB mark in interstate commerce on at least some of goods identified in the '436 Registration, including, without limitation, software for creating searchable databases; software for transmitting, receiving, downloading, streaming, and displaying content, text, visual works, audiovisual works, data, files and electronic works via the Internet or other computer or communications network; software for formatting and converting content, text, visual works, audiovisual works, data, files and electronic works into a format compatible with portable electronic devices and computers, and software enabling content, text, visual works, audiovisual works, data, files and electronic works to be downloaded to and accessed on a computer or other portable consumer electronic device.

38. Because the '436 Registration issued more than three years ago and because Defendant has never used the IMDB mark in interstate commerce on or in connection with the goods listed in Paragraph 32 of this Complaint, the '436 Registration should be cancelled pursuant to 15 U.S.C. §§ 1119 and 1064.

## THIRD CAUSE OF ACTION

(Cancellation of U.S. Trademark Reg. No. 4,710,373)

39. zuMedia repeats and realleges the allegations contained in Paragraphs 1-38 of the Complaint as if fully set forth herein.

40. This action involves a registered mark including U.S. Trademark Registration No. 4,710,373 for IMDb and Design for software for creating searchable databases; software for wireless content delivery; downloadable software featuring an entertainment database featuring information, news, reviews and user comments about television shows, motion picture films, celebrities, actors, and the entertainment industry for use on computers and mobile devices; software for accessing information on the Internet or other computer or communications network; software for transmitting, receiving, downloading, streaming, and displaying content, text, visual works, audiovisual works, data, files and electronic works via the Internet or other computer or communications network; software for formatting and converting content, text, visual works, audiovisual works, data, files and electronic works into a format compatible with portable electronic devices and computers; software enabling content, text, visual works, audiovisual works, data, files and electronic works to be downloaded to and accessed on a computer or other portable consumer electronic device (the "'373 Registration").

41. The '373 Registration issued on March 31, 2015.

42. Upon information and belief, Defendant has never used the DMDb and Design mark covered by the '373 Registration in interstate commerce on at least some of goods identified in the '373 Registration, including, without limitation, software for creating searchable databases; software for transmitting, receiving, downloading, streaming, and displaying content, text, visual works, audiovisual works, data, files and electronic works via the Internet or other computer or communications network; software for formatting and converting content, text, visual works,

audiovisual works, data, files and electronic works into a format compatible with portable electronic devices and computers; and software enabling content, text, visual works, audiovisual works, data, files and electronic works to be downloaded to and accessed on a computer or other portable consumer electronic device.

43. Because the '373 Registration issued more than three years ago and because Defendant has never used the IMDB mark in interstate commerce on or in connection with the goods listed in Paragraph 37 of this Complaint, the '373 Registration should be cancelled pursuant to 15 U.S.C. §§ 1119 and 1064.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment:

A. Declaring that zuMedia's DMDb mark (b) is not likely to cause confusion, mistake or deceive as to the source, affiliation, or sponsorship of zuMedia's goods and services with those of Defendant, and (b) will not dilute the alleged distinctive quality of Defendant's DMDB mark;

B. Declaring that zuMedia's use of its DMDb mark in commerce does not constitute trademark infringement under the Lanham Act or New York law;

C. Declaring that zuMedia's use of its DMDb mark in commerce does not constitute trademark unfair competition under the Lanham Act or New York law;

D. Declaring that zuMedia's use of its DMDb mark in commerce does not constitute trademark dilution under the Lanham Act or under New York law;

E. Ordering cancellation of U.S. Trademark Reg. No. 3,936,436;

F. Ordering cancellation of U.S. Trademark Reg. No. 4,710,373; and

G. Granting zuMedia such other and further relief as the Court deems just and proper.

Dated: September 26, 2023

Respectfully submitted,

TARTER KRINSKY & DROGIN LLP

By: *s/Eliezer Lekht*
Nels T. Lippert
Eliezer Lekht
1350 Broadway
New York, NY 10018
212-216-8000
nlippert@tarterkrinsky.com
elekht@tarterkrinsky.com

Mark J. Rosenberg
zuMedia Inc.
1188 Sixth Avenue, 8th Floor
New York, NY 10036
845-238-5996
mrosenberg@zuinc.com

*Attorneys for Plaintiff*