UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| zuMedia Inc., <br><br> Plaintiff, <br><br> -against- <br><br> IMDb.com, Inc., <br><br> Defendant. | Case No. 1:23-CV-08472-VSB <br><br> **<u>DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF PARTIAL MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>** |

Defendant IMDb.com, Inc. ("IMDb") moves to dismiss Plaintiff zuMedia, Inc.'s ("zuMedia") second and third causes of action for cancellation of IMDb's federal trademark registrations because the Complaint fails to state a claim upon which relief can be granted.

zuMedia's cursory allegations against IMDb seek, among other things, to cancel two of IMDb's longstanding federal trademark registrations. zuMedia's aggressive play appears driven by a desire to gain leverage against IMDb in hopes of saving its own trademark application for "DMDb" (same capitalization) and its related website, DMDb.com, that, like IMDb.com, offers searchable information about movies and television shows.

But zuMedia's Complaint rests heavily on vague and conclusory allegations, leaving IMDb guessing what, if any, factual basis there would be to cancel its trademark registrations. As the Complaint notes, this dispute arose when IMDb sent a cease-and-desist letter to zuMedia, explaining that "DMDb" was confusingly similar to IMDb's federally registered marks— confusion so apparent that even *zuMedia* mixes up "IMDb" and "DMDb" *four times* in its Complaint. *See* Dkt. 1, ¶¶ 13, 25, 37, 42. Beyond recounting the parties' dispute, however, the allegations in the Complaint are sparse. zuMedia seeks cancellation based on the theory that IMDb did not use its mark on "at least some of goods" identified in the two trademark registrations, yet provides almost no detail on the bases of these claims. The Complaint nowhere identifies a specific failure to use the IMDb mark or even descriptions of the uses and non-uses beyond broad product categories, much less specific facts underlying that alleged failure or establishing why that alleged (undefined) failure would warrant cancellation. Federal pleading standards do not allow zuMedia to rely on these conclusory assertions, and the cancellation claims should be dismissed.

## I. BACKGROUND

Defendant IMDb owns and operates IMDb.com, a well-known and authoritative source for movie, television, and celebrity content. IMDb has used IMDb-formative marks since at least as

early as 1996 and owns exclusive rights in the marks around the world, including common law rights and federal registrations in the United States. In particular, since 2011, IMDb has owned U.S. Reg. No. 3,936,436 (the "'436 Registration") for the IMDB word mark in connection with software in Class 9. Dkt. 1, ¶ 35. And since 2015, IMDb has owned U.S. Reg. No. 4,710,373 (the "'373 Registration") for the yellow and black IMDB logo in connection with similar software in Class 9. *Id.* ¶ 40.

Meanwhile, Plaintiff zuMedia and its founder Phyllis Jager are serial trademark filers, having collectively applied for nearly one hundred marks. Many of these applications appear facially aimed at other companies' existing marks and products (*e.g.*, BITCHSTAGRAM (instead of Instagram) or ANOTHER DAY ANOTHER DUNKIN (spelled like Dunkin Donuts)), or are general terms that would allow zuMedia to block a wide range of marks using well-known terms (*e.g.*, QUARANTINE, #CORONAVIRUS, and PANDEMIC SURVIVOR). *See* Declaration of John Gray ("Gray Decl."), ¶¶ 2-3, Exs. 1-2; *see also Telebrands Corp. v. Del Labs., Inc.*, 719 F. Supp. 2d 283, 287 n.3 (S.D.N.Y. 2010) ("The Court may properly take judicial notice of official records of the United States Patent and Trademark Office.").

Following the same vein, zuMedia has applied for multiple United States trademark applications for the DMDb mark, both in written and stylized form, including Serial Nos. 97/540,766, 97/798,384, 97/799,285, and 97/866,989, all covering software related goods in Class 9 (collectively the "DMDb Applications"). Dkt. 1, ¶ 9. The earliest of the DMDb Applications was filed in August 2022, years after the '436 Registration and '373 Registration were granted and decades after IMDb first began using its mark in commerce. Gray Decl. ¶ 4, Ex. 3. zuMedia uses the DMDb name and DMDb-formative marks in connection with its own website, DMDb.com, which contains "an online digital media database which provides information concerning the cast,

crew, producers, developers and/or creators of … media content including, without limitation, motion pictures" and "television series." *Id.* ¶ 12.

In Spring 2023, after learning of zuMedia's use of the DMDb marks and website, IMDb sent a letter to zuMedia, explaining that zuMedia's use of the DMDb mark on overlapping goods and services was likely to cause confusion among consumers. *Id*. ¶¶ 9, 15. IMDb demanded that zuMedia cease use of the DMDb name and website and withdraw its DMDb Applications. *See id.* zuMedia's counsel responded the next month by doubling down, refusing IMDb's demands and stating in a letter to IMDb that "zuMedia does not intend to cease use of its DMDb mark or withdraw its applications therefor." *Id.* ¶ 16.

Left with no alternative to protect its brand, IMDb then filed a Notice of Opposition with the Trademark Trial and Appeal Board challenging zuMedia's application to register DMDb, Serial No. 97540766. *Id.* ¶ 11. zuMedia then promptly filed this lawsuit, seeking a declaration that its use of the DMDb marks is permissible as well as an order cancelling IMDb's '436 and '373 Registrations. By stipulation, IMDb's opposition proceeding before the Trademark Trial and Appeal Board was subsequently stayed pending resolution of this case.

## II.  ARGUMENT

A complaint must allege sufficient facts which, taken as true, state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). At the same time, however, a court is not required to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 555). A claim has facial plausibility only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citations omitted). To this end, a complaint must be dismissed for failure to state a claim if it does not allege more than "a sheer possibility that a defendant has acted

unlawfully." *Id.* (citations omitted). "While legal conclusions may provide the 'framework of the complaint . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Grunwald v. Bon Secours Charity Health Sys.*, No. 18-cv-3208, 2020 WL 2192683, at *2 (S.D.N.Y. May 6, 2020) (quoting *Iqbal*, 556 U.S. at 678-79).

A court considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) can consider the factual allegations in the pleading, the documents attached to the pleading as exhibits or incorporated in it by reference, matters appropriate for judicial notice, and documents either in the plaintiffs' possession or of which the plaintiffs had knowledge and relied on in bringing suit. *Faconti v. Potter*, 242 F. App'x 775, 777 (2d Cir. 2007); *see also Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008). Even non-conclusory allegations need not be accepted as true if "there is a contradiction between the factual allegations and the document on which the counterclaim relies." *Highline Cap. Mgmt., LLC v. High Line Venture Partners, L.P.*, No. 15-cv-660, 2015 WL 10847688, at *2 (S.D.N.Y. Oct. 1, 2015) (citing *Barnum v. Millbrook Care Ltd. Partnership*, 850 F. Supp. 1227, 1232–33 (S.D.N.Y. 1994), *aff'd*, 43 F.3d 1458 (2d Cir. 1994); *see also Feick v. Fleener*, 653 F.2d 69, 75 (2d Cir. 1981) ("Since the documents upon which appellants based their claim show on their face absence of any grounds for relief, dismissal was proper.")).

To prevail on a claim for cancellation of a trademark registration, "a plaintiff must show that (1) it has standing to bring a cancellation claim, and (2) there are valid grounds for why the registration should not continue to be registered." *Citigroup Inc. v. City Holding Co.*, No. 99-cv-10115, 2003 WL 282202, at *14 (S.D.N.Y. Feb. 10, 2003) (citing 15 U.S.C. § 1119).

The only grounds for cancellation referenced in the Complaint are 15 U.S.C. § 1119— which simply states that courts have the power to cancel trademark registrations—and 15 U.S.C.

§ 1064, which lists specifically enumerated grounds for cancellation. Dkt. 1, ¶¶ 38, 43. Even reading the Complaint liberally, zuMedia appears to invoke only 15 U.S.C. § 1064(6), which allows a mark to be cancelled if "[a]t any time after the 3-year period following the date of registration, … the registered mark has never been used in commerce on or in connection with some or all of the goods or services recited in the registration."

zuMedia's cancellation claims are "[t]hreadbare recitals of the elements of a cause of action," and allege no more than "a sheer possibility that" IMDb has abandoned its marks such that its registrations should be cancelled. *Iqbal*, 556 U.S. at 678. In particular, zuMedia's cancellation claims are premised on two sets of nearly identical allegations that copy text from IMDb's federal registrations and largely parrot the statutory language without including any *facts* relating to IMDb's alleged use or nonuse of its marks.

In each set of nearly identical paragraphs, zuMedia merely alleges that the case involves a registered mark covering a list of numerous high-level categories of goods and services (Dkt. 1 ¶¶ 35, 40); that the registered marks were registered on particular dates (¶¶ 36, 41); "upon information and belief" that IMDb has never used "at least some of goods" identified in the registration, "including, without limitation," numerous listed products (¶¶ 37, 42); and a closing sentence asserting that the registered mark should be cancelled (¶¶ 38, 43). These paragraphs merely list basic registration information about the marks and then assert a conclusion of non-use. *See Grunwald*, 2020 WL 2192683, at *2 ("conclusions" can only provide a "framework," but "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *cf. Int'l Labels LLC v. Sportlife Brands LLC*, No. 19-cv-11370, 2021 WL 1198890, at *4 (S.D.N.Y. Mar. 30, 2021) (allegation that party "used the Mark continuously to the

present and continues to use it in commerce" is "wholly conclusory" and "insufficient to plausibly state" an element of its claim) (citing *Iqbal*, 556 U.S. at 678).

The remainder of the Complaint fares no better. The only relevant paragraph in the "General Allegations" section merely recites the legal conclusion that the '436 and '373 Registrations "should never have been issued because the marks subject of such registrations were not used on all of the recited goods." *Id.* ¶ 20. Like the rest of the Complaint, the paragraph includes no *facts* about the use or non-use of the registrations in connection with particular goods and does not explain why any of those unalleged facts warrant the legal conclusion that the registrations should never have been issued. *Id.* Only one other paragraph references the cancellation claims and merely notes that the Lanham Act grants district courts jurisdiction to cancel registrations. *See id.* ¶ 34. These conclusory legal allegations are insufficient as a matter of law.

zuMedia's reliance on broad assertions rather than specific facts should not be overlooked, especially in light of public documents (incorporated into the Complaint) demonstrating that IMDb *has* used the marks in connection with the registered goods and services and the corresponding *presumption* of validity of afforded to IMDb's registered marks.[1] *See Wal-Mart Stores, Inc. v. Samara Bros.*, 529 U.S. 205, 209 (2000) ("Registration of a mark… entitles the owner to a presumption that its mark is valid."). The USPTO has approved on multiple occasions the evidence of use IMDb provided to demonstrate use of the IMDb marks in connection with the goods listed

---

[1] The Court can consider IMDb's publicly filed registrations and related documents in deciding the motion to dismiss because the documents are referenced in the Complaint and because they are governmental records that are properly subject to judicial notice or incorporated by reference here. *See* Gray Decl., ¶¶ 5-6, Exs. 4-5; *see also Telebrands Corp*, 719 F. Supp. 2d at 287 n.3 ("The Court may properly take judicial notice of official records of the United States Patent and Trademark Office."); *MidCap Bus. Credit, LLC v. MidCap Fin. Tr.*, 655 F. Supp. 3d 193, 201 n.2 (S.D.N.Y. 2023) ("Because the Complaint references its registration, I find that the attending documents, available on the USPTO website, are incorporated by reference, or subject to judicial notice.").

in the registrations. *Id.* Gray Decl., ¶¶ 5-6, Exs. 4-5. The Court need not credit zuMedia's vague assertions about non-use when they contradict documents incorporated into the Complaint. *See Highline Cap. Mgmt.*, 2015 WL 10847688, at *2-3 (granting motion to dismiss trademark claim because the "Court is not required to accept as true HLVP's allegation… when that allegation is facially contradicted by" specimens of use filed with the trademark office, and "[e]ven if HLVP had adequately alleged non-use, HLVP's claim would fail because it[]… lacks factual support and does no more than recite an element" of the claim); *see also Ferring B.V. v. Fera Pharms., LLC*, No. 13-cv-4640, 2015 WL 1359073, at *5 (E.D.N.Y. Mar. 24, 2015) (dismissing request to cancel or modify trademark registration for "full line of" pharmaceuticals, because plaintiff's allegation that the mark was only used on some pharmaceutical products was insufficient). And in any event, zuMedia's vague allegations not only fail to state a claim generally, but they also fall far short of overcoming the presumption of validity that IMDb's marks enjoy. zuMedia's facially implausible and wholly conclusory cancellation claims fail to state a claim upon which relief can be granted and should be dismissed.

### III. CONCLUSION

For the foregoing reasons, IMDb requests that the Court dismiss zuMedia's second and third causes of action.

Dated: December 6, 2023                                          Respectfully submitted,

By: */s/ Thomas L. Holt*
     Thomas L. Holt, No. 5580816
     PERKINS COIE LLP
     110 North Wacker Drive, 34th Floor
     Chicago, IL  60606
     +1 (312) 324-8400
     THolt@perkinscoie.com

     Emily B. Cooper, No. 5415302
     PERKINS COIE LLP
     1155 Avenue of the Americas, 22nd Floor
     New York, NY  10036-2711
     +1 (212) 262-6900
     ECooper@perkinscoie.com

     John H. Gray (*pro hac vice* application forthcoming)
     PERKINS COIE LLP
     2901 North Central Avenue, Suite 2000
     Phoenix, Arizona 85012-2788
     +1 (602) 351-8000
     JHGray@perkinscoie.com

     Caleb Bacos Gray (*pro hac vice* application forthcoming)
     PERKINS COIE LLP
     1201 3rd Ave #4900, Seattle, WA 98101
     +1 (206) 359-8000
     CBacos@perkinscoie.com

     *Attorneys for Defendant,*
     *IMDb.com, Inc.*