UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| zuMedia Inc.,<br><br>              Plaintiff,<br><br>   -against-<br><br>IMDb.com, Inc.,<br><br>             Defendant. | Case No. 1:23-CV-08472-VSB<br><br>**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF PARTIAL MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** |

## TABLE OF CONTENTS

| | | |
|---|---|---:|
| I. | BACKGROUND | 2 |
| II. | ARGUMENT | 4 |
| III. | CONCLUSION | 9 |

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................... 4, 5

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ....................................................................................................... 4

*Citigroup Inc. v. City Holding Co.*,
    No. 99-cv- 10115, 2003 WL 282202 (S.D.N.Y. Feb. 10, 2003) .................................... 5

*Faconti v. Potter*,
    242 F. App'x 775 (2d Cir. 2007) ................................................................................... 4

*Feick v. Fleener*,
    653 F.2d 69 (2d Cir. 1981) ............................................................................................ 5

*Ferring B.V. v. Fera Pharms., LLC*,
    No. 13-cv-4640, 2015 WL 1359073 (E.D.N.Y. Mar. 24, 2015) .................................... 9

*Frederick v. Wells Fargo Home Mortg.*,
    No. 13-CV-7364, 2015 WL 1506394 (E.D.N.Y. Mar. 30, 2015), *aff'd*, 649 F.
    App'x 29 (2d Cir. 2016) ................................................................................................. 8

*Grunwald v. Bon Secours Charity Health Sys.*,
    No. 18-cv-3208, 2020 WL 2192683 (S.D.N.Y. May 6, 2020) ................................... 4, 6

*Highline Cap. Mgmt., LLC v. High Line Venture Partners, L.P.*,
    No. 15-cv-660, 2015 WL 10847688 (S.D.N.Y. Oct. 1, 2015) .................................. 5, 8

*Int'l Labels LLC v. Sportlife Brands LLC*,
    No. 19-cv-11370, 2021 WL 1198890 (S.D.N.Y. Mar. 30, 2021) ................................... 6

*MidCap Bus. Credit, LLC v. MidCap Fin. Tr.*,
    655 F. Supp. 3d 193 (S.D.N.Y. 2023) ............................................................................ 7

*Staehr v. Hartford Fin. Servs. Grp., Inc.*,
    547 F.3d 406 (2d Cir. 2008) .......................................................................................... 4

*Telebrands Corp. v. Del Labs., Inc.*,
    719 F. Supp. 2d 283 (S.D.N.Y. 2010) ........................................................................ 2, 7

*Wal-Mart Stores, Inc. v. Samara Bros.*,
    529 U.S. 205 (2000) ....................................................................................................... 7

**STATUTES**

15 U.S.C. § 1064(6) ................................................................................................................5, 6, 9

15 U.S.C. § 1119 ..........................................................................................................................5, 6

**OTHER AUTHORITIES**

Rule 12(b)(6) .....................................................................................................................................4

Defendant IMDb.com, Inc. ("IMDb") moves to dismiss Plaintiff zuMedia, Inc.'s ("zuMedia") second and third causes of action for cancellation of IMDb's federal trademark registrations because the Amended Complaint fails to state a claim upon which relief can be granted.

zuMedia's cursory allegations against IMDb seek, among other things, to cancel two of IMDb's longstanding federal trademark registrations. zuMedia's aggressive play appears driven by a desire to gain leverage against IMDb in hopes of saving its own trademark application for "DMDb" (same capitalization) and its related website, DMDb.com, that, like IMDb.com, offers searchable information about movies and television shows.

But even after amending its Complaint, zuMedia still relies heavily on vague and conclusory allegations, leaving the Court and IMDb in the dark as to what purported factual basis might justify cancellation of federal trademark registrations. Beyond recounting the parties' dispute, the allegations in the Amended Complaint remain sparse. If anything, zuMedia's nonsubstantive changes to its Amended Complaint—which correct typos and make stylistic changes rather than add any factual detail—expose the unsubstantiated nature of zuMedia's cancellation claims. In particular, zuMedia seeks cancellation based on the theory that IMDb did not use its marks on "at least" some goods identified in the two trademark registrations, yet the Amended Complaint still does not identify specific facts showing failure to use the IMDb mark in connection with a particular product or service, include descriptions of the non-uses, or otherwise allege specific facts underlying the purported non-use. Instead, zuMedia's Amended Complaint, like the original complaint, merely concludes that IMDb has not used the IMDb mark in connection with certain products—the list of products has shrunk, but the level of factual detail remains the same. Federal pleading standards do not allow zuMedia to rely on these conclusory assertions, nor

can zuMedia save its Amended Complaint through vague promises that discovery will validate its deficient claims. As such, zuMedia's second and third causes of action should be dismissed.

## I. BACKGROUND

Defendant IMDb owns and operates IMDb.com, a well-known and authoritative source for movie, television, and celebrity content. IMDb has used IMDb-formative marks since at least as early as 1996 and owns exclusive rights in the marks around the world, including common law rights and federal registrations in the United States. In particular, since 2011, IMDb has owned U.S. Reg. No. 3,936,436 (the "'436 Registration") for a word mark in connection with software in Class 9. ECF No. 20, ¶ 37. And since 2015, IMDb has owned U.S. Reg. No. 4,710,373 (the "'373 Registration") for the yellow and black IMDb logo in connection with similar software in Class 9. *Id.* ¶ 44. In order to obtain these registrations, IMDb has submitted, and the U.S. Patent and Trademark Office ("USPTO") has accepted, multiple specimens demonstrating use of the marks in commerce in connection with each of the goods covered by the registrations. *See* Declaration of John Gray ("Gray Decl."), ¶¶ 5-6, Exs. 4-5; *see also Telebrands Corp. v. Del Labs., Inc.*, 719 F. Supp. 2d 283, 287 n.3 (S.D.N.Y. 2010) ("The Court may properly take judicial notice of official records of the United States Patent and Trademark Office.").

Meanwhile, Plaintiff zuMedia and its founder Phyllis Jager are serial trademark filers, having collectively applied for nearly one hundred marks. Many of these applications appear facially aimed at other companies' existing marks and products (*e.g.*, BITCHSTAGRAM (instead of Instagram) or ANOTHER DAY ANOTHER DUNKIN (spelled like Dunkin Donuts)), or are general terms that would allow zuMedia to block a wide range of marks using well-known terms (*e.g.*, QUARANTINE, #CORONAVIRUS, and PANDEMIC SURVIVOR). *See* Gray Decl., ¶¶ 2-3, Exs. 1-2.

In the same vein, zuMedia has applied for multiple United States trademark applications for the DMDb mark, both in written and stylized form, including Serial Nos. 97/540,766, 97/798,384, 97/799,285, and 97/866,989, all covering software related goods in Class 9 (collectively the "DMDb Applications"). ECF No. 20, ¶ 10; Gray Decl. ¶ 4, Ex. 3. The earliest of the DMDb Applications was filed in August 2022, years after the '436 Registration and '373 Registration were granted and decades after IMDb first began using its mark in commerce. Gray Decl. ¶ 4, Ex. 3. zuMedia uses the DMDb name and DMDb-formative marks in connection with its own website, DMDb.com, which contains "an online digital media database which provides information concerning the cast, crew, producers, developers and/or creators of … media content including, without limitation, motion pictures" and "television series." ECF No. 20, ¶ 13.

In Spring 2023, after learning of zuMedia's use of the DMDb marks and website, IMDb sent a letter to zuMedia, explaining that zuMedia's use of the DMDb mark on overlapping goods and services was likely to cause confusion among consumers. *Id*. ¶¶ 10, 16. IMDb demanded that zuMedia cease use of the DMDb name and website and withdraw its DMDb Applications. *Id.* zuMedia's counsel responded the next month by doubling down, refusing IMDb's demands and stating in a letter to IMDb that zuMedia does not intend to cease use of its DMDb mark or withdraw its applications therefor. *See, e.g.*, *id.* ¶ 17-19.

Left with no alternative to protect its brand, IMDb then filed a Notice of Opposition with the Trademark Trial and Appeal Board challenging zuMedia's application to register the DMDb mark, Serial No. 97540766. *Id.* ¶ 12. zuMedia responded with this lawsuit, seeking a declaration that its use of the DMDb marks is permissible as well as an order cancelling IMDb's '436 and '373 Registrations. By stipulation, IMDb's opposition proceeding before the Trademark Trial and Appeal Board was subsequently stayed pending resolution of this case.

zuMedia filed its original Complaint on September 26, 2023. ECF No. 1. After the Court granted IMDb's stipulated request for an extension, IMDb timely filed a Partial Motion to Dismiss for Failure to State a Claim on December 6, 2023. ECF No. 15. In response to IMDb's motion, and after the Court granted an extension, zuMedia filed its Amended Complaint on January 19, 2024. ECF No. 20.

## II.     ARGUMENT

A complaint must allege sufficient facts which, taken as true, state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). At the same time, however, a court is not required to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 555). A claim has facial plausibility only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citations omitted). To this end, a complaint must be dismissed for failure to state a claim if it does not allege more than "a sheer possibility that a defendant has acted unlawfully." *Id.* (citations omitted). "While legal conclusions may provide the 'framework of the complaint . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Grunwald v. Bon Secours Charity Health Sys.*, No. 18-cv-3208, 2020 WL 2192683, at *2 (S.D.N.Y. May 6, 2020) (quoting *Iqbal*, 556 U.S. at 678-79).

A court considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) can consider the factual allegations in the pleading, the documents attached to the pleading as exhibits or incorporated in it by reference, matters appropriate for judicial notice, and documents either in the plaintiffs' possession or of which the plaintiffs had knowledge and relied on in bringing suit. *Faconti v. Potter*, 242 F. App'x 775, 777 (2d Cir. 2007); *see also Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008). Even non-conclusory allegations need not

-4-

be accepted as true if "there is a contradiction between the factual allegations and the document on which the [claim] relies." *Highline Cap. Mgmt., LLC v. High Line Venture Partners, L.P.*, No. 15-cv-660, 2015 WL 10847688, at *2 (S.D.N.Y. Oct. 1, 2015) (citing *Barnum v. Millbrook Care Ltd. P'ship*, 850 F. Supp. 1227, 1232–33 (S.D.N.Y. 1994), *aff'd*, 43 F.3d 1458 (2d Cir. 1994)); *see also Feick v. Fleener*, 653 F.2d 69, 75 (2d Cir. 1981) ("Since the documents upon which appellants based their claim show on their face absence of any grounds for relief, dismissal was proper.").

To prevail on a claim for cancellation of a trademark registration, "a plaintiff must show that (1) it has standing to bring a cancellation claim, and (2) there are valid grounds for why the registration should not continue to be registered." *Citigroup Inc. v. City Holding Co.*, No. 99-cv-10115, 2003 WL 282202, at *14 (S.D.N.Y. Feb. 10, 2003) (citing 15 U.S.C. § 1119). The only grounds for cancellation cited in the Amended Complaint are 15 U.S.C. § 1119—which simply states that courts have the power to cancel trademark registrations—and 15 U.S.C. § 1064(6), which allows a mark to be cancelled if "after the 3-year period following the date of registration, … the registered mark has *never* been used in commerce on or in connection with some or all of the goods or services recited in the registration" (emphasis added). ECF No. 20, ¶¶ 2, 41, 48.

zuMedia's cancellation claims are "[t]hreadbare recitals of the elements of a cause of action," and allege no more than "a sheer possibility that" IMDb has abandoned its marks such that its registrations should be cancelled. *Iqbal*, 556 U.S. at 678. In particular, zuMedia's amended cancellation claims are premised on two sets of nearly identical allegations that copy text from IMDb's federal registrations and largely parrot the statutory language without including any *facts* relating to IMDb's alleged use or nonuse of its marks.

In each set of nearly identical paragraphs, zuMedia merely alleges that the case involves a registered mark which covers a list of categories of goods (ECF No. 20, ¶¶ 36, 43); that the

registrations were granted on particular dates (¶¶ 37, 44); that, "upon information and belief," IMDb has never used the registered mark on "at least" some of the categories of goods identified in the registration (¶¶ 39, 46); that, "upon information and belief," discovery will validate the above unsubstantiated claim (¶¶ 40, 47); and that the statutory elements of 15 U.S.C. §§ 1119 and 1064(6) are satisfied (¶¶ 41, 48). In other words, these paragraphs merely list basic registration information about the marks and then assert a conclusion of non-use. *See Grunwald*, 2020 WL 2192683, at *2 ("conclusions" can only provide a "framework," but "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *cf. Int'l Labels LLC v. Sportlife Brands LLC*, No. 19-cv-11370, 2021 WL 1198890, at *1, 4 (S.D.N.Y. Mar. 30, 2021) (allegation that party "used the Mark continuously to the present and continues to use it in commerce" is "wholly conclusory" and "insufficient to plausibly state" an element of its claim) (citing *Iqbal*, 556 U.S. at 678).

The remainder of the Amended Complaint fares no better. The only relevant paragraph in the "General Allegations" section merely recites the legal conclusion that the '436 and '373 Registrations "should never have been issued because the marks subject of such registrations were not used on all of the recited goods." ECF No. 20, ¶ 21. Like the rest of the Amended Complaint, and the original Complaint before it, the paragraph includes no *facts* about the non-use of particular goods and does not explain why any of those unalleged facts warrant the legal conclusion that the registrations should not have been issued. *Id.* Only one other paragraph references the cancellation claims and merely notes that the Lanham Act grants district courts jurisdiction to cancel registrations. *See id.* ¶ 35. These conclusory legal allegations are insufficient as a matter of law.

zuMedia's reliance on broad assertions rather than specific facts should not be overlooked, especially in light of public documents (incorporated into the Amended Complaint) demonstrating

that IMDb *has* used the marks in connection with the registered goods and services, as well as the corresponding presumption of validity of afforded to IMDb's registered marks.[1] *See Wal-Mart Stores, Inc. v. Samara Bros.*, 529 U.S. 205, 209 (2000) ("Registration of a mark … entitles the owner to a presumption that its mark is valid.").

In particular, zuMedia alleges that, on "information and belief," IMDb has "never" used its marks on "at least" three categories of goods: (1) "software for creating searchable databases;" (2) "software for formatting and converting content, text, visual works, audiovisual works, data, files and electronic works into a format compatible with portable electronic devices and computers;" and (3) "software enabling content, text, visual works, audiovisual works, data, files and electronic works to be downloaded to and accessed on a computer or other portable consumer electronic device." ECF No. 20, ¶¶ 39, 46. But the USPTO has approved on multiple occasions evidence of use IMDb provided to demonstrate use of the IMDb marks in connection with the goods listed in the registrations, including those identified in zuMedia's cancellation claims. Gray Decl., ¶¶ 5-6, Exs. 4-5.

For example, the most recent specimens demonstrate that the IMDb marks are used on "software for creating searchable databases," ECF No. 20, ¶¶ 39, 46, because the underlying apps let users "create lists to share your Movie, TV, and celebrity picks" and "add movies and TV shows to your Watchlist." *See* Gray Decl., Ex. 4 at 6; Gray Decl., Ex. 5 at 6. Likewise, the specimens

---

[1] The Court can consider IMDb's publicly filed registrations and related documents in deciding the motion to dismiss because the documents are referenced in the Amended Complaint and because they are governmental records that are properly subject to judicial notice or incorporated by reference here. *See* Gray Decl., ¶¶ 5-6, Exs. 4-5; *see also Telebrands Corp*, 719 F. Supp. 2d at 287 n.3 ("The Court may properly take judicial notice of official records of the United States Patent and Trademark Office."); *MidCap Bus. Credit, LLC v. MidCap Fin. Tr.*, 655 F. Supp. 3d 193, 201 n.2 (S.D.N.Y. 2023) ("Because the Complaint references its registration, I find that the attending documents, available on the USPTO website, are incorporated by reference, or subject to judicial notice.").

show that the IMDb marks are used on "software for formatting and converting content … into a format compatible with portable electronic devices and computers" and "software enabling content… to be downloaded to and accessed on" the same, ECF No. 20, ¶¶ 39, 46, because the highlighted apps let users "watch select full-length movies and TV shows free in the app," "search our database of more than 5 million movies, TV shows, and entertainment programs," "read breaking entertainment news," and browse "quotes, trivia, and goofs," among other things. Gray Decl., Ex. 4 at 6; Gray Decl., Ex. 5 at 6.

zuMedia does not directly challenge or even acknowledge these specimens, even after IMDb highlighted the evidence in its original motion. At best, in apparent recognition of the deficiency of its allegations, zuMedia speculates that discovery will somehow "show" that the IMDb marks were never used in connection with the above goods. ECF No. 20, ¶¶ 40, 47. Such claims are categorically insufficient, regardless of whether they are contradicted by other aspects of the pleadings. *See, e.g.*, *Frederick v. Wells Fargo Home Mortg.*, No. 13-CV-7364, 2015 WL 1506394, at *7 (E.D.N.Y. Mar. 30, 2015) ("Plaintiffs cannot state a claim where they rely on the vague hope that discovery may show facts on which the claim could be based."), *aff'd*, 649 F. App'x 29 (2d Cir. 2016).

The Court should not credit zuMedia's vague assertions about non-use when they contradict documents incorporated into the Amended Complaint, which this Court has held include specimens filed with the USPTO. *See Highline Cap. Mgmt.*, 2015 WL 10847688, at *2-3 (granting motion to dismiss trademark claim because the "Court is not required to accept as true HLVP's allegation … when that allegation is facially contradicted by" specimens of use filed with the USPTO, and "[e]ven if HLVP had adequately alleged non-use, HLVP's claim would fail because it[] … lacks factual support and does no more than recite an element" of the claim); *see also*

*Ferring B.V. v. Fera Pharms., LLC*, No. 13-cv-4640, 2015 WL 1359073, at *5 (E.D.N.Y. Mar. 24, 2015) (dismissing request to cancel or modify trademark registration for "full line of" pharmaceuticals, because plaintiff's allegation that the mark was only used on some pharmaceutical products was insufficient).

IMDb's registrations cannot be cancelled under 15 U.S.C. § 1064(6) unless the marks have "*never* been used in commerce on or in connection with some or all of the goods or services recited in the registration[s]" (emphasis added). But zuMedia's nonfactual recitations of causes of actions are plainly contradicted by evidence, accepted by the USPTO, that is integral to both the challenged registrations and the Amended Complaint. In any event, zuMedia's vague allegations fail to state a claim generally and fall far short of overcoming the presumption of validity that IMDb's marks enjoy. zuMedia's facially implausible and wholly conclusory cancellation claims fail to state a claim upon which relief can be granted and should be dismissed.

Finally, the cancellation claims should be dismissed with prejudice. zuMedia has now had *two* chances to plead its cancellation claims, including most recently after having the opportunity to fully evaluate the arguments in IMDb's first motion to dismiss. Presumably, zuMedia either has included all facts it has at its disposal or has tactically decided to omit them—either way, zuMedia should not be given a third bite at the apple, and the claims should be dismissed with prejudice.

### III.   CONCLUSION

For the foregoing reasons, IMDb requests that the Court dismiss zuMedia's second and third causes of action.

Dated: February 2, 2024				Respectfully submitted,


							By: */s/ Thomas L. Holt*
								Thomas L. Holt, No. 5580816
								PERKINS COIE LLP
								110 North Wacker Drive, 34th Floor
								Chicago, IL 60606
								+1 (312) 324-8400
								THolt@perkinscoie.com

								Emily B. Cooper, No. 5415302
								PERKINS COIE LLP
								1155 Avenue of the Americas, 22nd Floor
								New York, NY 10036-2711
								+1 (212) 262-6900
								ECooper@perkinscoie.com

								John H. Gray (*pro hac vice* application forthcoming)
								PERKINS COIE LLP
								2901 North Central Avenue, Suite 2000
								Phoenix, Arizona 85012-2788
								+1 (602) 351-8000
								JHGray@perkinscoie.com

								Caleb Bacos Gray (*pro hac vice* application forthcoming)
								PERKINS COIE LLP
								1201 3rd Ave #4900, Seattle, WA 98101
								+1 (206) 359-8000
								CBacos@perkinscoie.com

								*Attorneys for Defendant,*
								*IMDb.com, Inc.*