**PERKINS**COIE

> APPLICATION GRANTED
> SO ORDERED [signature]
> VERNON S. BRODERICK
> U.S.D.J. 2/28/2024
>
> Having considered the "particular circumstances and posture" of this case, including the "breadth of discovery sought, the burden of responding to it . . . and the strength of the pending motion forming the basis of the request for stay," *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (internal quotation marks omitted), I conclude that the parties have established good cause justifying a stay. Accordingly, discovery is hereby stayed pending my decision on Defendant's motion to dismiss. The Clerk of Court is respectfully directed to terminate the motion pending at Doc. 32.

February 27, 2024

Hon. Vernon S. Broderick
U.S. District Court Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Zumedia Inc. v. IMDB.COM, Inc.* – Case No. 23-cv-08472

Dear Judge Broderick,

We represent Defendant IMDb.com, Inc. ("IMDb") in the above-captioned matter. The parties jointly submit this letter motion setting forth the reasons why a discovery stay is warranted, as requested by this Court's Order dated February 20, 2024. (Dkt No. 30).

Under Federal Rule of Civil Procedure 26(c), "a district court may stay discovery during the pendency of a motion to dismiss for "good cause" shown. "[G]ood cause may be shown where a party has filed . . . a dispositive motion such as a motion to dismiss. This is especially so where the stay is for a 'short' period of time and the opposing party . . . will not be prejudiced by the stay" (indeed, the parties jointly request the relief). *Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94-cv-2120 (LMM) (AJP), 1996 WL 101277, at *2 (S.D.N.Y. Mar. 7, 1996). "In considering a motion for stay of discovery pending a dispositive motion, a court should consider the breadth of discovery sought and the burden of responding to it, as well as the strength of the underlying motion." *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09-cv-5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009).

Here, IMDb believes that its partial motion to dismiss makes a strong showing that zuMedia's second and third causes of action should be dismissed with prejudice. While zuMedia disagrees that dismissal is appropriate, zuMedia agrees that proceeding to discovery before the motion is resolved could risk unnecessary and expensive discovery for both sides. In other words, the only prejudice to either party would be for the Court to deny the parties' joint request for relief.

Indeed, the "breadth of discovery" in the case will be significantly impacted by whether the pending motion to dismiss resolves the second and third causes of action. In particular, if discovery proceeds only on the issues relevant to zuMedia's first claim (declaratory judgment of trademark non-infringement, unfair competition, or dilution), that is a narrower case than if the parties must also engage in discovery on the issues surrounding whether two of IMDb's marks should be cancelled based on zuMedia's assertion that IMDb never used the marks in commerce in

Perkins Coie LLP

February 27, 2024
Page 2

connection with several products and services. If discovery proceeds now, the parties would need to serve and respond to written discovery requests, as well as possibly depositions of witnesses who may be relevant to one or both sets of claims, without knowing the scope of the case. The parties wish to avoid this potentially unnecessary burden.

In contrast, the parties expect to have a more focused and efficient discovery phase following the Court's ruling on the motion to dismiss.

Finally, the requested stay of discovery is at a nascent stage in the case and is being requested only for a short time—IMDb's motion is fully briefed and ripe for resolution at the Court's convenience.

The parties believe that it would be most efficient (and productive) to commence discovery after your Honor has ruled on the motion to dismiss, as resolution of this motion will necessarily impact the claims at issue and the resulting discovery. Accordingly, the parties believe that a stay is appropriate in this case for good cause shown.

We thank the Court for all courtesies shown in this matter.

Respectfully submitted,

Thomas L. Holt