```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
ZUMEDIA INC.,                                         :
                                                      :
                                                      :
                               Plaintiff,             :
                                                      :            23-CV-8472 (VSB)
                - against -                           :
                                                      :            OPINION & ORDER
                                                      :
                                                      :
IMDB.COM, INC.,                                       :
                                                      :
                               Defendant.             :
                                                      :
------------------------------------------------------X
```

Appearances:

Mark Jon Rosenberg
zuMedia Inc.
New York, NY

Nels T. Lippert
Eliezer Lekht
Tarter Krinsky & Drogin LLP
New York, NY
*Counsel for Plaintiff*

Emily Barbara Cooper
Perkins Coie LLP
New York, NY

Thomas Holt
Perkins Coie LLP
Chicago, IL
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

  Before me is a motion filed by Defendant IMDb.com, Inc. ("IMDb" or "Defendant") to

partially dismiss the amended complaint filed by Plaintiff zuMedia Inc. ("zuMedia" or

"Plaintiff"). For the reasons stated below, Defendant's motion to dismiss Plaintiff's Second and

Third Counts is GRANTED because the Amended Complaint fails to plausibly allege claims for cancellation.

I. **Factual Background and Procedural History**[1]

Plaintiff zuMedia owns and operates the website "DMDb.com," which is both a social media platform and an online digital media database that "provides information concerning the cast, crew, producers, developers and/or creators of digital" content such as movies, "television series, advertisements, websites, video games, NFT[]s, and viral videos." (Doc. 20 ("Amended Complaint" or "Am. Compl.") ¶ 13.) Defendant IMDb owns and operates a website, "IMDb.com," which provides similar content. (*Id.* ¶ 14.) IMDb owns U.S. Trademark Registrations for IMDb marks for use in connection with a variety of goods and services, including Registration Number 3,936,436 for "IMDB" ("'436") and 4,710,373 for "IMDb and Design" ("'373") (collectively, the "Registrations"). (*Id.*) To obtain these Registrations, IMDb has submitted to the U.S. Patent and Trademark Office ("USPTO") specimens demonstrating use of the marks in commerce in connection with the goods covered by the Registrations. (Gray Decl.[2] ¶¶ 5–6, Exs. 4-5.)

ZuMedia has filed a number of United States trademark applications for the "DMDb" mark. (*See* Gray Decl. ¶ 4, Ex. 3.) On May 18, 2023, after learning of zuMedia's use of the DMDb marks and website, IMDb sent a letter to zuMedia stating that zuMedia's use of its DMDb mark "is likely to cause consumer confusion or otherwise adversely affect the strength or distinctiveness of [IMDb's] Marks," and demanding that zuMedia (a) "Permanently cease all use

---

[1] The facts set forth herein are taken from the allegations contained in the Amended Complaint and the documents referenced therein. (*See* Doc. 20.) I assume Plaintiff's allegations in the Complaint to be true for purposes of this motion. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). However, my reference to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

[2] "Gray Decl." refers to the Declaration of John H. Gray in support of Defendant's motion to dismiss. (Doc. 25.)

2

of the DMDb name and all other DMDb marks;" (b) "Permanently cease all use of the domain name *dmdb.com* and transfer it to IMDb;" and (c) "Withdraw its pending U.S. trademark application Serial Nos. 97/540,766; 97/798,384; 97/799,285 and 97/866,989, and any other U.S. trademark applications it has filed for marks incorporating DMDb." (Am Compl. ¶ 10.) On June 6, 2023, zuMedia responded, indicating that its proposed use of the DMDb mark would not cause confusion. (*Id*. ¶ 17–19.) On July 27, 2023, IMDb filed a Notice of Opposition (the "Notice") with the USPTO's Trademark Trial and Appeal Board regarding zuMedia's application to register DMDb. (*Id*. ¶ 12, 20.) The Notice cited to IMDb's Registrations for "IMDB" ('436) and "IMDb and Design" ('373).

ZuMedia filed its initial complaint in this action on September 26, 2023. (Doc. 1, the "Initial Complaint".) On December 6, 2023, after IMDb requested an extension of time to respond to the Initial Complaint, (Doc. 12), which I granted, (Doc. 13), IMDb filed its partial motion to dismiss the Initial Complaint's Second and Third Counts for cancellation of IMDb's '436 and '373 trademark registrations, (Doc. 15), as well as an accompanying memorandum of law, (Doc. 16), and declaration and exhibits, (Doc. 17). In response to IMDb's motion, and after I granted it an extension of time to respond, (Docs. 18, 19), zuMedia filed its Amended Complaint on January 19, 2024, (Doc. 20). In an order filed on January 23, 2024, I directed IMDb to "file a letter within seven (7) days deciding whether its motion to dismiss should be deemed moot without prejudice to refile a new motion to dismiss in accordance with Federal Rule of Civil Procedure 15(a)(3), or if I should evaluate Defendants' current motion to dismiss in light of the facts alleged in the amended complaint." (Doc. 21.) IMDb elected to file a new motion to dismiss, (Doc. 22), and I denied the initial motion to dismiss as moot. (Doc. 35.)

In its Amended Complaint filed on January 19, 2024, zuMedia seeks: (1) a declaratory judgment that its use of the DMDb mark is not likely to cause confusion and does not constitute trademark infringement, unfair competition, or trademark dilution; and (2) the cancellation of IMDb's '436 and '373 registered trademarks. (Am. Compl. ¶¶ 30–48.) On February 2, 2024, IMDb filed the instant partial motion to dismiss, again seeking dismissal of the cancellation claims—the Amended Complaint's Second and Third Counts for cancellation of IMDb's '436 and '373 trademark registrations, (Doc. 23), as well as an accompanying memorandum of law, (Doc. 24), and declaration and exhibits, (Doc. 25). On February 16, 2024, zuMedia filed its opposition, (Doc. 27), and on February 23, 2024, IMDb filed its reply, (Doc. 31).

## II. Legal Standards

### A. *Motion to Dismiss*

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is properly dismissed, where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. Accordingly, a district court must accept as true all well-pleaded factual allegations in the complaint, and draw all inferences in the plaintiff's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). However, that tenet "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

### B. *Cancellation of a Trademark*

The Lanham Act expressly provides that federal courts may cancel the registration of any federally registered trademark. *See* 15 U.S.C. § 1119 ("In any action involving a registered mark, the court may determine the right to registration, order the cancellation of registrations, in whole or in part . . . and otherwise rectify the register with respect to the registrations of any party to the action."); *see also Nike, Inc. v. Already, LLC*, 663 F.3d 89, 98 (2d Cir. 2011) ("[D]istrict courts are authorized to cancel registrations, but only . . . in connection with a properly instituted and otherwise jurisdictionally supportable action involving a registered mark." (internal quotation marks omitted)), *aff'd on other grounds*, 568 U.S. 85 (2013). To prevail on a claim for cancellation, "a plaintiff must show that (1) it has standing to bring a cancellation claim, and (2) there are valid grounds for why the registration should not continue to be registered." *Citigroup Inc. v. City Holding Co.*, No. 99-CV-10115, 2003 WL 282202, at *14 (S.D.N.Y. Feb. 10, 2003). "A plaintiff may bring a cancellation claim on two grounds: (1) the trademark is barred from registration under section 2 of the Lanham Act, or (2) the trademark comes within any of the specifically listed grounds in Section 14 of the Lanham Act under which a registration may be cancelled." *Id.*, at *16; *see also* 15 U.S.C. § 1064 (Section 14 of the Lanham Act). A trademark registration can be cancelled "[a]t any time after the 3-year period following the date of registration, if the registered mark has never been used in commerce on or in connection with some or all of the goods or services recited in the registration." 15 U.S.C. § 1064(6).

### C. *Leave to Amend*

Leave to amend shall be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). However, leave to amend may properly be denied for: "undue delay, bad faith or dilatory motive

on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted). District courts have "broad discretion in determining whether to grant leave to amend." *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000).

### III. Discussion

#### A. *Motion to Dismiss*

It is undisputed that zuMedia has standing and that more than three years have lapsed since IMDb registered the '436 and '373 trademarks in 2011. (Am. Compl. ¶¶ 37, 44.) Therefore, the only issue I must decide is whether zuMedia plausibly alleges that IMDb failed to use the '436 and '373 marks in connection with some of the categories of goods identified in the Registrations. Specifically, Plaintiff claims that IMDb has never used either mark in connection with "at least" three categories of goods: "[(1)] software for creating searchable databases; [(2)] software for formatting and converting content, text, visual works, audiovisual works, data, files and electronic works into a format compatible with portable electronic devices and computers; [and (3)] software enabling content, text, visual works, audiovisual works, data, files and electronic works to be downloaded to and accessed on a computer or other portable consumer electronic device." (*Id.* ¶¶ 39, 46.) In opposition, IMDb argues that the Amended Complaint is entirely devoid of any factual allegations, let alone any facts to support Plaintiff's allegations regarding the non-use of the '436 and '373 trademarks that are sufficient to state a claim for cancellation of those trademarks. IMDb is correct.

The allegations in the Amended Complaint plainly fail to state a claim. IMDb correctly points out that the Amended Complaint is devoid of sufficient factual allegations regarding the

6

non-use of the '436 and '373 trademarks to state a claim for cancellation of those trademarks. Instead, the Amended Complaint tracks the statutory language, recites information from the Registrations, and asserts in conclusory fashion that the Registrations should be cancelled due to non-use. As an initial matter, prior to zuMedia filing the Amended Complaint, IMDb moved to dismiss the same claims in zuMedia's Initial Complaint on the same grounds. (*See* Doc. 15.) Despite having ample opportunity to evaluate and address the arguments raised in IMDb's first motion to dismiss, zuMedia's revisions as set forth in the Amended Complaint remain insufficient. Indeed, zuMedia appears to concede the lack of factual support for its cancellation claims, averring that the Amended Complaint's mere specification of "IMDb Registrations that are at issue and the specific goods identified in those Registrations that have not been used" is, standing alone, sufficient to state a claim. (Plf.'s Mem.[3] 8.) This argument evinces a fundamental misunderstanding of the pleading standard necessary to plausibly allege a claim in a complaint. A complaint is deemed inadequately pled "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557), and does not provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests," *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 555). Absent supporting factual allegations, zuMedia's recitation of the elements of a claim for cancellation is not enough to withstand a motion to dismiss. Moreover, zuMedia's suggestion that "upon information and belief" discovery will somehow "show" that the '436 and '373 trademarks were never used in connection with certain unspecified goods and services is itself a tacit acknowledgment of the

---

[3] "Plf.'s Mem." refers to the memorandum of law in support of Plaintiff's opposition to Defendant's motion to dismiss. (Doc. 27.)

insufficiency of its allegations.  (*See* Am. Compl. ¶ 47.)  Although allegations based "upon information and belief" are not necessarily facially deficient, "the words, however, are not magic; a plaintiff cannot 'plop "upon information and belief" in front of a conclusory allegation and thereby render it non-conclusory.'"  *J & J Sports Productions, Inc. v. Gonzalez*, 2018-CV-2319, 2019 WL 3716197, at *5 (E.D.N.Y. May 9, 2019), *report and recommendation adopted*, 2019 WL 4888635 (E.D.N.Y. Sept. 30, 2019) (quoting *Citizens United v. Schneiderman*, 882 F.3d 374, 384 (2d Cir. 2018)).  Contrary to zuMedia's suggestion otherwise, the pleading rules do not permit plaintiffs to "proceed to discovery" to "obtain further proof" of facts which could give rise to a claim.  (Plf.'s Mem. 9); *see also, e.g.*, *Frederick v. Wells Fargo Home Mortg.*, No. 13-CV-7364, 2015 WL 1506394, at *7 (E.D.N.Y. Mar. 30, 2015) ("Plaintiffs cannot state a claim where they rely on the vague hope that discovery may show facts on which the claim could be based."), *aff'd*, 649 F. App'x 29 (2d Cir. 2016).

Independently, zuMedia fails to meaningfully address and rebut IMDb's argument that it has, in fact, used the '436 and '373 marks in connection with the very registered goods identified by zuMedia, which provides a separate ground justifying dismissal.  As an initial matter, in considering IMDb's motion, I may consider only the Amended Complaint and "any statements or documents incorporated in it by reference."  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (internal quotation marks omitted).  Even where a document is not incorporated by reference, I "may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document 'integral' to the complaint."  *Id.* at 153 (internal quotation marks omitted).  Here, I find—and zuMedia does not dispute—that IMDb's Registrations for the '436 and '373 trademarks are incorporated into the Amended Complaint by reference, and that the related specimens of use—which were submitted to the USPTO to

demonstrate use of the mark—are integral to the Amended Complaint.  (*See* Gray Decl., ¶¶ 5-6, Exs. 4-5.)  *See* 37 C.F.R. § 2.56(a) ("An application [for a trademark] . . . [and] a statement of use under § 2.88 . . . must include one specimen per class showing the mark as actually used in commerce on or in connection with the goods or services identified.").

      I find that the Amended Complaint is facially implausible in light of IMDb's specimens of use, which make clear that IMDb used the '436 and '373 marks in connection with the only three categories of goods specified in the Amended Complaint.  ZuMedia's arguments in opposition fail for several reasons.  First, zuMedia suggests that because the specimens for the '436 and '373 marks were submitted to the USPTO on April 23, 2020 and May 11, 2020, respectively, that they "cannot be evidence that the IMDb marks have been used on the goods at issue for the last three years."  (Plf.'s Mem. 10.)  In so arguing, zuMedia misstates Section 1064(6), which permits cancellation only "after the [three]-year period following the date of registration, if the registered mark has never been used in commerce . . .," not if the marks have not been used in the three-year period preceding the filing of the complaint.  *See* 15 U.S.C. § 1064(6).  Second, zuMedia argues that "not one of the specimens submitted by Defendant refer[s] to software," and that IMDb's specimens do not "create an association between the mark and software."  (Plf.'s Mem. 11, 13.)  Because all of the goods covered by IMDb's Registrations for the '436 and '373 appear to involve the use of software, zuMedia's argument would require a finding that the specimens do not demonstrate use of "software" at all.  However, IMDb's specimens have already been accepted by the USPTO as demonstrating that the '436 and '373 marks have been used in connection with software, including "software for creating searchable databases."  (Am. Compl. ¶¶ 36, 43.)  In addition, zuMedia's reliance on out-of-circuit authority, *In Re Azteca Sys., Inc.*, 102 U.S.P.Q.2d 1955 (T.T.A.B. 2012)—a case involving different

9

statutes and questions of law—is entirely unpersuasive since the USPTO itself has already accepted the specimens of use.  Thus, the Registrations and specimens of use contradict zuMedia's factually unsupported allegations of non-use, and Plaintiff's suggestion that I may not consider specimens of use at the pleading stage is unavailing.  *See Highline Cap. Mgmt., LLC v. High Line Venture Partners, L.P.*, No. 15-CV-660, 2015 WL 10847688, at *2–3 (S.D.N.Y. Oct. 1, 2015) (dismissing trademark claim and noting that "[t]he Court is not required to accept as true [plaintiff's] allegation . . . when that allegation is facially contradicted by" specimens filed with the USPTO).  In short, Plaintiff complains that it should not be required at the pleading stage to "prove a negative," (Plf.'s Mem. 8), while simultaneously asking me to ignore the fact that IMDb's specimens render the allegations—and any resulting effort to prove that negative— facially implausible.

Accordingly, Defendant's motion to dismiss Counts Two and Three is GRANTED.

### B.     *Leave to Amend*

ZuMedia seeks leave to amend its complaint a third time—essentially in the alternative— if I dismiss the Amended Complaint.  (Plf.'s Mem. 14.)  IMDb opposes this request.  In requesting leave to amend, zuMedia has failed to (1) indicate how it plans to address the issues raised in Defendants' motions to dismiss, (2) reference applicable case law other than to Rule 15(a)(2), or (3) file a proposed second amended complaint that would enable me to evaluate the futility of any proposed changes.  *See Campo v. Sears Holdings Corp.*, 371 Fed. App'x 212, 218 (2d Cir. 2010) ("[I]n light of plaintiffs' failure to provide a specific explanation of the manner in which they propose to cure the defects in their complaint, we reject the claim that the district court erred in not granting leave to amend.")  In addition, despite having ample opportunity to do so, zuMedia does not explain how its request for leave to amend can be reconciled with its

10

professed inability to state the necessary factual allegations at this stage, which it characterizes as an inability to "prove a negative." (Plf.'s Mem. 8.) Moreover, as explained above, zuMedia was plainly on notice of the deficiencies with their Initial Complaint because IMDb previously moved to dismiss the same claims for the same reasons. (Doc. 15.) However, despite amending its Initial Complaint in response to, and with the benefit of, the arguments raised in IMDb's first motion to dismiss, zuMedia nonetheless failed to correct these deficiencies in its Amended Complaint, which militates against granting leave to amend. Accordingly, leave to amend is DENIED and the Second and Third Counts are dismissed with prejudice. *See Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257 (2d Cir. 2018) ("When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first." (internal quotation marks omitted)); *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 28–29 (2d Cir. 2016) (affirming denial of leave to amend when the plaintiff's amended complaint did not fix the deficiencies despite plaintiff being "fully aware of the [legal] challenges to his pleading").

## IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. Plaintiff's motion for leave to amend the complaint is DENIED. The Clerk of Court is respectfully directed to terminate the open motion at Doc. 23.

SO ORDERED.

Dated: October 24, 2024
     New York, New York

*Vernon Broderick*

Vernon S. Broderick
United States District Judge