**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| zuMedia Inc., | |
| Plaintiff, Counter-Defendant | Case No. 1:23-CV-08472-VSB |
| v. | |
| IMDb.com, Inc., | |
| Defendant, Counter-Plaintiff. | |

**DEFENDANT IMDB.COM, INC.'S ANSWER TO PLAINTIFF ZUMEDIA INC.'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS**

IMDb.com, Inc. ("IMDb") answers Plaintiff zuMedia, Inc.'s ("zuMedia") Amended Complaint as follows, in paragraphs numbered to correspond to the paragraphs in zuMedia's Amended Complaint. ECF No. 20. IMDb includes the headings used in the Amended Complaint for convenience and ease of reference only, and denies any allegations, assertions, or inferences contained therein. Except as expressly admitted, IMDb denies all other allegations by zuMedia.

**NATURE OF ACTION AND RELIEF SOUGHT**

1.      The allegations in Paragraph 1 are legal conclusions to which no answer is required. To the extent an answer is required, IMDb admits that an actual controversy exists between the parties, but denies that zuMedia is entitled to a declaratory judgment for non-infringement.

2.      The allegations in Paragraph 2 are legal conclusions to which no answer is required. To the extent an answer is required, IMDb denies the allegations in Paragraph 2.

3.      The allegations in Paragraph 3 are legal conclusions to which no answer is required. To the extent an answer is required, IMDb admits the allegations in Paragraph 3.

4.      The allegations in Paragraph 4 are legal conclusions to which no answer is required. To the extent an answer is required, IMDb admits the allegations in Paragraph 4.

### THE PARTIES

5.      IMDb lacks information sufficient to admit or deny the allegations in Paragraph 5 and on that basis denies them.

6.      IMDb admits the allegations in Paragraph 6.

### JURISDICTION AND VENUE

7.      The allegations in Paragraph 7 are legal conclusions to which no answer is required. To the extent an answer is required, IMDb admits that this Court has subject matter jurisdiction.

8.      The allegations in Paragraph 8 are legal conclusions to which no answer is required. To the extent an answer is required, IMDb admits the allegations in Paragraph 8.

9.      The allegations in Paragraph 9 are legal conclusions to which no answer is required. To the extent an answer is required, and for the purposes of this action only, IMDb does not contest that this Court has personal jurisdiction over IMDb.

10.     IMDb admits the allegations in Paragraph 10.

11.     The allegations in Paragraph 11 are legal conclusions to which no answer is required.  To the extent an answer is required, and for the purposes of this action only, IMDb does not contest that venue is proper.

12.     The allegations in Paragraph 12 are legal conclusions to which no answer is required.  To the extent an answer is required, IMDb admits the allegations in Paragraph 12.

### GENERAL ALLEGATIONS

13.     IMDb lacks information sufficient to admit or deny the allegations in Paragraph 13 and on that basis denies them.

14.     IMDb admits the allegations in Paragraph 14.

15.     IMDb admits that during a telephone call on April 7, 2023, its outside counsel at the time requested that zuMedia cease all use of the DMDb mark and withdraw all of its related trademark applications.  IMDb denies the remaining allegations in Paragraph 15.

16.     IMDb admits the allegations in Paragraph 16.

17.     IMDb admits that it received a letter from zuMedia on June 6, 2023, in which zuMedia dismissed and disputed IMDb's concerns regarding the DMDb mark.  IMDb denies any remaining allegations in Paragraph 17.

18.     IMDb lacks information sufficient to admit or deny the allegations in Paragraph 18 and on that basis denies them.

19.     IMDb admits that it received a letter from zuMedia on June 6, 2023, in which zuMedia dismissed and disputed IMDb's concerns regarding the DMDb mark.  IMDb denies the remaining allegations in Paragraph 19.

20.     IMDb admits the allegations in Paragraph 20.

21.     IMDb admits that, in its July 27, 2023 Notice of Opposition filed with the Trademark Trial and Appeal Board (No. 91286376), IMDb cited multiple trademark registrations for the IMDb mark, including Reg. Nos. 3,936,436 and 4,710,373. IMDb denies the remaining allegations in Paragraph 21.

22.     The allegations in Paragraph 22 are legal conclusions to which no answer is required.  To the extent an answer is required, IMDb admits the allegations in Paragraph 22.

23.     The allegations in Paragraph 23 are legal conclusions to which no answer is required.  To the extent an answer is required, IMDb admits that an actual controversy exists between the parties, but denies that zuMedia is entitled to continue using the DMDb mark.

24.    The allegations in Paragraph 24 are legal conclusions to which no answer is required.  To the extent an answer is required, IMDb admits the allegations in Paragraph 24.

25.    The allegations in Paragraph 25 are legal conclusions to which no answer is required.  To the extent an answer is required, IMDb admits the allegations in Paragraph 25.

26.    The allegations in Paragraph 26 are legal conclusions to which no answer is required.  To the extent an answer is required, IMDb denies the allegations in Paragraph 25.

## COUNT I

**(Declaratory Judgment of Trademark Non-Infringement, Unfair Competition, or Dilution)**

27.    IMDb incorporates its responses to Paragraphs 1-26 as if fully set forth herein.

28.    IMDb admits the allegations in Paragraph 28.

29.    The allegations in Paragraph 29 are legal conclusions to which no answer is required.  To the extent an answer is required, IMDb admits the allegations in Paragraph 29.

30.    The allegations in Paragraph 30 are legal conclusions to which no answer is required.  To the extent an answer is required, IMDb admits that zuMedia seeks a declaratory judgment from this Court and that an actual controversy exists between the parties, but denies that zuMedia is entitled to a declaratory judgment in its favor.

31.    The allegations in Paragraph 31 are legal conclusions to which no answer is required.  To the extent an answer is required, IMDb admits that zuMedia seeks a declaratory judgment from this Court and that an actual controversy exists between the parties, but denies that zuMedia is entitled to a declaratory judgment in its favor.

32.    The allegations in Paragraph 32 are legal conclusions to which no answer is required.  To the extent an answer is required, IMDb admits that zuMedia seeks a declaratory

judgment from this Court and that an actual controversy exists between the parties, but denies that zuMedia is entitled to a declaratory judgment in its favor.

33.     The allegations in Paragraph 33 are legal conclusions to which no answer is required.  To the extent an answer is required, IMDb admits that zuMedia seeks a declaratory judgment from this Court and that an actual controversy exists between the parties, but denies that zuMedia is entitled to a declaratory judgment in its favor.

## COUNT II

### (Cancellation of U.S. Trademark Reg. No. 3,936,436)

The Court dismissed the Second Count in the Amended Complaint with prejudice for failure to state a claim.  ECF No. 36.  As such, no answer to the corresponding allegations is required.

## COUNT III

### (Cancellation of U.S. Trademark Reg. No. 4,710,373)

The Court dismissed the Third Count in the Amended Complaint with prejudice for failure to state a claim.  ECF No. 36.  As such, no answer to the corresponding allegations is required.

## RELIEF REQUESTED

In response to the Prayer for Relief in the Amended Complaint, IMDb denies that zuMedia is entitled to the relief requested or to any other relief whatsoever.

## DEFENSES

Having answered the Amended Complaint, IMDb sets forth the following additional defenses.  By setting forth these defenses, IMDb does not assume any burden of proof as to any factual issue or element of any claim or cause of action that properly belongs to zuMedia.  Further,

IMDb reserves the right to amend or supplement its Answer and additional defenses as discovery or further investigation may justify:

1.      zuMedia's Amended Complaint fails to state a claim against IMDb upon which relief may be granted.

2.      zuMedia's claims are barred by the doctrine of unclean hands.

3.      zuMedia does not own Application Ser. No. 97/540,766 for the word mark DMDb, because its assignment from the original applicant to zuMedia was invalid.  Specifically, the original applicant did not offer any goods or services under the DMDb mark prior to assigning Application Ser. No. 97/540,766 to zuMedia, in violation of Section 10(a)(1) of the Lanham Act.


## COUNTERCLAIMS

Counterclaimant IMDb.com, Inc. ("IMDb") brings the following Counterclaims against zuMedia, Inc. ("zuMedia"), and alleges as follows:

### THE PARTIES

1.      IMDb is a corporation, organized and existing under the laws of the State of Delaware, with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109.

2.      On information and belief, zuMedia is a corporation, organized and existing under the laws of the State of New York, with its principal place of business at 1180 Sixth Avenue, Eighth Floor, New York, New York 10036.

//

//

//

## JURISDICTION AND VENUE

3.      The Court has exclusive jurisdiction over the subject matter of this action under Section 39(a) of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338(a) and (b), as well as supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.      Personal jurisdiction in this District is proper over zuMedia because, upon information and belief, zuMedia is a New York corporation with its headquarters and principal place of business in this District.

5.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(a), (b)(1), and (d) because, upon information and belief, zuMedia is a New York corporation with its headquarters and principal place of business in this District.  Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because zuMedia transacts business in this District and because a substantial part of the events giving rise to IMDb's claim occurred in this District, including, *inter alia*, that zuMedia infringed IMDb's trademarks in this District, engaged in unlawful, unfair, and deceptive activities in this district, and intentionally targeted New York by offering, advertising, and/or promoting services under marks that infringe those of IMDb in this District.  IMDb has also been injured in this District by zuMedia's infringing and unlawful activities.

## FACTUAL BACKGROUND

### A.      IMDb and its Famous IMDb Marks

6.      IMDb owns and operates its IMDb-branded database, which has become the world's most popular source of information about movies, TV, and other forms of entertainment, as well as the cast and crew involved in those productions. IMDb's searchable database can be accessed by users across the United States through the www.imdb.com website, applications for iOS and Android, and Amazon Prime Video.

7.    Since 1990, IMDb has extensively and continuously promoted, marketed, advertised, distributed, and sold goods and services under the IMDb mark and IMDb-formative marks (collectively, the "IMDb Marks").

8.    As of September 2024, IMDb's online database receives over 250 million unique visitors every month.  It contains information on over 20 million titles and 13 million individuals, with over 200 million entries.

9.    In addition, IMDb has made substantial investments to develop a strong online presence beyond the IMDb.com website, including through active and dedicated IMDb-branded pages on Facebook, X (formerly Twitter), Instagram, TikTok, and YouTube.  In addition to 8.3 million followers on its Facebook page, IMDb is followed by 4.5 million users on X and 3.5 million users on Instagram.  IMDb's YouTube videos have been collectively viewed over 300 million times, and videos on its TikTok account (with 1.8 million followers) have been liked over 76 million times.

10.    In addition to the extensive common law rights it has developed in its IMDb Marks, IMDb owns numerous federal registrations for its IMDb Marks covering a broad range of entertainment-, database-, and software-related goods and services, among others, including those shown below (collectively, the "IMDb Registrations"):

| Trademark | Registration No. | Registration Date | Class(es) |
|-----------|------------------|-------------------|-----------|
| IMDb | 3,936,436 | October 27, 2010 | 9 |
| IMDb | 2,612,776 | August 27, 2002 | 38 |
| IMDb | 2,609,882 | August 20, 2002 | 41 |
| IMDb | 2,730,592 | June 24, 2003 | 35 |
| IMDb | 7,552,569 | October 29, 2024 | 9, 38, 41, 42 |

| | | | |
|---|---|---|---|
| IMDb | 4,710,373 | March 31, 2015 | 9 |
| IMDb | 4,767,128 | July 7, 2015 | 35, 41 |
| IMDbPRO | 5,147,009 | February 21, 2017 | 35, 41, 42, 45 |
| IMDb | 4,767,130 | July 7, 2015 | 35, 41 |

11.     The IMDb Registrations are valid and enforceable.

12.     Affidavits have been filed and accepted under Sections 8 and 15 of the Lanham Act for each of the IMDb Registrations, rendering them incontestable within the meaning of 15 U.S.C. §§ 1058 and 1065.

13.     IMDb's distinctive IMDb Marks have achieved a high degree of fame and consumer recognition.  As a result of IMDb's extensive advertising, promotion, and use of the IMDb Marks, hundreds of millions of people around the world have been exposed to the marks, and the consuming public and the trade recognize and associate the marks with IMDb. Accordingly, the IMDb Marks have acquired extensive goodwill, public recognition, and distinctiveness, and are immediately recognized as identifying IMDb's IMDb-branded goods and services.

14.     The IMDb Marks are famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

## B.    zuMedia and the DMDb Marks

15.    zuMedia and its founder, Phyllis Jager, have collectively applied to register over one hundred different trademarks, including marks referencing or incorporating phrases associated with third parties (e.g., BITCHSTAGRAM or ANOTHER DAY ANOTHER DUNKIN).

16.    zuMedia and Jager have also applied for multiple United States trademark applications for the DMDb mark, both in written and stylized form., including Serial Nos. 97/540,766, 97/866,989, 98/563,769, 97/799,285, and 97/798,384, all covering software related goods and services in Class 9, 38, 42, and/or 45 (collectively, the "DMDb Applications").

17.    Jager filed one of the DMDb Applications, Serial No. 97/540,766, on her own behalf and on an intent-to-use basis.

18.    On January 25, 2023, Jager executed an assignment purporting to transfer her rights in various U.S. trademark registrations and pending applications, including Serial No. 97/540,766, to zuMedia.  She recorded that assignment with the United States Patent and Trademark Office on January 27, 2023.

19.    At the time Jager executed the assignment involving Serial No. 97/540,766, she had not filed an amendment to allege use or a statement of use.

20.    On information and belief, prior to assigning Serial No. 97/540,766 to zuMedia, Jager did not herself offer any goods or services under the DMDb Marks or carry on any business under the name DMDb.

21.    On information and belief, zuMedia is not a successor to any business of Ms. Jager, or to any portion of a business to which the DMDb mark relates.

22.    The earliest of the DMDb Applications was filed in August 2022, 20 years after IMDb first obtained registrations for the IMDb Marks and 30 years after IMDb first began using the IMDb Marks in commerce.

23.     zuMedia uses the DMDb name and DMDb-formative marks (the "DMDb Marks") in connection with its own website, DMDb.com, which contains "an online digital media database which provides information concerning the cast, crew, producers, developers and/or creators of … media content including, without limitation, motion pictures" and "television series."

24.     The goods and services offered by zuMedia under the DMDb Marks marks are directly competitive with, or highly related to, the goods and services offered by IMDb under the IMDb Marks.

25.     Given the similarities between the goods and services offered by IMDb under the IMDb Marks on one hand, and the goods and services offered by zuMedia under the DMDb Marks on the other, consumer confusion is inevitable.

26.     zuMedia's actual and prospective customers are the same as, or in the same field with, the actual and prospective customers for IMDb.  These include individuals seeking information about movies, TV, and entertainment programs, as well as the cast and crew involved in the same.  Given the clear overlap, these consumers are particularly susceptible to being confused by zuMedia's use of the DMDb Marks.

27.     The goods and services offered under the DMDb Marks travel and are marketed in the same channels of trade as the goods and services offered by IMDb under the IMDb Marks.

28.     The DMDb Marks so closely resemble the IMDb Marks that, when used in connection with zuMedia's goods and services offered under the DMDb Marks, it is likely to cause confusion, mistake, or deception in the relevant trade and consuming public.  Consumers will likely believe that zuMedia's goods and services are in some way associated with, endorsed by, or approved or authorized by IMDb, or that DMDb is a brand extension of IMDb, when this is not the case.

29.     By using the DMDb Marks in connection with its entertainment-related products and services, zuMedia has created a likelihood of confusion with the IMDb Marks.  If zuMedia expands its offerings under the DMDb Marks, and zuMedia's use of the DMDb Marks becomes more widespread, the likelihood of confusion will only worsen.

30.     IMDb did not authorize zuMedia's use of the DMDb Marks.

31.     On May 18, 2023, after learning of zuMedia's use of the DMDb marks and website, IMDb sent a letter to zuMedia, explaining that zuMedia's use of the DMDb mark on overlapping goods and services was likely to cause confusion among consumers.  IMDb demanded that zuMedia cease use of the DMDb Marks and website and withdraw the DMDb Applications. zuMedia refused IMDb's demands.

32.     The United States Patent and Trademark Office suspended two of the DMDb Applications, citing IMDb's registrations or applications for the IMDb Marks.

33.     On July 27, 2023, IMDb filed a Notice of Opposition with the Trademark Trial and Appeal Board challenging the only other application for one of the DMDb Marks then on file, Serial No. 97540766.

34.     zuMedia subsequently filed the present action, seeking a declaration that its use of the DMDb marks is permissible, as well as an order cancelling two of IMDb's registrations for the IMDb Marks. By stipulation, IMDb's opposition proceeding before the Trademark Trial and Appeal Board has been stayed pending resolution of this case.

35.     The DMDb.com website and the goods and services offered by zuMedia under the DMDb Marks are closely related to the goods and services that IMDb has long offered under its IMDb Marks and that are covered by the IMDb Registrations.

36.     The IMDb Registrations have priority over the DMDb Applications.

37.     IMDb's rights in the IMDb Marks predate the filing of each of the DMDb Applications, as well as the launch of the DMDb.com website.

## COUNT I

### Federal Trademark Infringement Under 15 U.S.C. § 1114

38.     IMDb repeats and realleges the preceding paragraphs as if further set forth herein.

39.     The IMDb Registrations, as defined above, are registered with the USPTO and are valid, subsisting, used in commerce, and inherently distinctive.

40.     zuMedia's DMDb Marks are confusingly similar to the IMDb Registrations and the IMDb Marks generally.  The DMDb Marks are used in connection with goods and services that are overlapping and related to the goods and services offered by IMDb under the IMDb Marks and IMDb Registrations.

41.     zuMedia's use of the DMDb Marks therefore constitutes trademark infringement in violation of 15 U.S.C. § 1114, in that such use has caused, or is likely to cause, confusion, deception, or mistake among the consuming public and trade as to the source of zuMedia's goods and services.  Specifically, zuMedia's use of the DMDb Marks is likely to cause consumers to believe, incorrectly, that zuMedia's offerings originate from, or have been authorized, sponsored, approved, or endorsed by IMDb, or that zuMedia's business is otherwise connected to, sponsored by, or affiliated with IMDb in some way, when that is not the case.

42.     zuMedia's use of marks confusingly similar to the IMDb Registrations, without IMDb's consent, has caused and is likely to continue causing irreparable injury to IMDb's reputation, as well as the goodwill developed by IMDb in its brand.  The extent of this harm cannot be ascertained at this time, leaving IMDb without any adequate remedy at law.

43.    By reason of the foregoing, IMDb is entitled to injunctive relief against zuMedia, restraining zuMedia from further acts of infringement of the IMDb Registrations and, after trial, recovery of any damages proven to have been caused by reason of zuMedia's infringing acts.

44.    On information and belief, zuMedia's use of the infringing DMDb Marks are with knowledge and in willful disregard of IMDb's trademark rights.  zuMedia's bad faith is evidenced at least by the inherent similarities between the DMDb Marks and the IMDb Marks, zuMedia's knowledge of IMDb and the IMDb Registrations prior to its adoption of the DMDb Marks, zuMedia's deliberate and continuing expansion of its use of the DMDb Marks, and zuMedia's refusal to discontinue its infringing conduct even after IMDb alerted zuMedia to its trademark rights.

45.    Because of the willful nature of zuMedia's wrongful acts, IMDb is entitled to an award of treble damages and increased profits under 15 U.S.C. § 1117.

46.    Pursuant to 15 U.S.C. § 1117, IMDb is also entitled to recover its costs and attorneys' fees because this is an exceptional case.

## COUNT II

### False Designation of Origin and Unfair Competition Under 15 U.S.C. § 1125(a)

47.    IMDb repeats and realleges the preceding paragraphs as if further set forth herein.

48.    The IMDb Marks are used in commerce in the United States.

49.    zuMedia's infringing DMDb Marks are confusingly similar to the IMDb Marks and IMDb's trade name.  zuMedia's promotion, advertising, and offering of its goods and services in connection with the DMDb Marks is therefore likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association between zuMedia and IMDb, and is likely to cause members of the public to believe, incorrectly, that zuMedia's goods and

services are sourced from, or provided, endorsed, approved, or sponsored by IMDb, when that is not the case.

50.      zuMedia's use of the DMDb Marks therefore constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51.      zuMedia's use of marks confusingly similar to the IMDb Marks and IMDb trade name, without IMDb's consent, has caused and is likely to continue to cause irreparable injury to IMDb's reputation, as well as the goodwill developed by IMDb in its brand.  The extent of this harm cannot be ascertained at this time, leaving IMDb without any adequate remedy at law.

52.      By reason of the foregoing, IMDb is entitled to injunctive relief against zuMedia, restraining zuMedia from further acts of false designation and unfair competition, and, after trial, recovery of any damages proven to have been caused by reason of zuMedia's wrongful acts.

53.      On information and belief, zuMedia's use of the infringing DMDb Marks are with knowledge and in willful disregard of IMDb's trademark rights.  zuMedia's bad faith is evidenced at least by the inherent similarities between the DMDb Marks and the IMDb Marks, zuMedia's knowledge of IMDb and the IMDb Marks prior to its adoption of the DMDb Marks, zuMedia's deliberate and continuing expansion of its use of the DMDb Marks, and zuMedia's refusal to discontinue its infringing conduct even after IMDb alerted zuMedia to its trademark rights.

54.      Because of the willful nature of zuMedia's wrongful acts, IMDb is entitled to an award of treble damages and increased profits under 15 U.S.C. § 1117.

55.      Pursuant to 15 U.S.C. § 1117, IMDb is also entitled to recover its costs and attorneys' fees because this is an exceptional case.

## COUNT III

### Federal Trademark Dilution Under 15 U.S.C. § 1125(c)

56.    IMDb repeats and realleges the preceding paragraphs as if further set forth herein.

57.    The IMDb Marks are used in commerce in the United States.

58.    The IMDb Marks are famous marks throughout the United States within the meaning of 15 U.S.C. § 1125(c).

59.    zuMedia adopted and began using the infringing DMDb Marks in interstate commerce long after the IMDb Marks became distinctive, well-known, and famous among the consuming public.

60.    zuMedia's use of the infringing DMDb Marks has diluted, continues to dilute, and is likely to cause future dilution of the distinctive quality of the IMDb Marks to identify and distinguish IMDb's goods and services, in violation of IMDb's rights under 15 U.S.C. § 1125(c).

61.    zuMedia's wrongful use of the DMDb Marks is likely to cause dilution by blurring, and the whittling away of the distinctiveness and fame of the IMDb Marks.

62.    zuMedia's dilution of the distinctive and famous IMDb Marks has caused and will continue to cause irreparable injury to IMDb's reputation, as well as the goodwill developed by IMDb for goods and services offered under the IMDb Marks.  The extent of this harm cannot be ascertained at this time, leaving IMDb without any adequate remedy at law.

63.    By reason of the foregoing, IMDb is entitled to injunctive relief against zuMedia, restraining zuMedia from engaging in further acts of dilution of the IMDb Marks, and, after trial, recovery of any damages proven to have been caused by reason of zuMedia's infringing acts.

64.    On information and belief, zuMedia's use of the infringing DMDb Marks are with knowledge and in willful disregard of IMDb's trademark rights.  zuMedia's bad faith is

evidenced at least by the inherent similarities between the DMDb Marks and the IMDb Marks, zuMedia's knowledge of IMDb and the IMDb Marks prior to its adoption of the DMDb Marks, zuMedia's deliberate and continuing expansion of its use of the DMDb Marks, and zuMedia's refusal to discontinue its diluting conduct even after IMDb alerted zuMedia to its trademark rights.

65.    Because of the willful nature of zuMedia's wrongful acts, IMDb is entitled to an award of treble damages and increased profits under 15 U.S.C. § 1117.

66.    Pursuant to 15 U.S.C. § 1117, IMDb is also entitled to recover its costs and attorneys' fees because this is an exceptional case.

### COUNT IV

### Common Law Trademark Infringement and Unfair Competition

67.    IMDb repeats and realleges the preceding paragraphs as if further set forth herein.

68.    IMDb used the IMDb Marks in commerce in the United States before DMDb used the DMDb Marks in commerce in the United States.

69.    As a result of IMDb's continuous use of the IMDb Marks and substantial investment in developing and promoting the IMDb name and brand, the IMDb Marks have become widely known and have become identifiable by consumers and the public as the source of IMDb's goods and services.  IMDb has also developed substantial goodwill in the IMDb Marks, which have now come to symbolize IMDb's reputation for high quality and innovative offerings.

70.    zuMedia, with knowledge and in willful disregard of IMDb's trademark rights, continues to advertise, promote, and sell goods and services using marks that are confusingly similar to the IMDb Marks.  zuMedia's actions have caused, continue to cause, and are likely to

cause confusion, deception, or mistake among the consuming public as to the source of zuMedia's goods and services, or cause members of the public to believe, incorrectly, that zuMedia's goods and services are endorsed, approved, or sponsored by IMDb, or that zuMedia is affiliated with IMDb in some way, when that is not the case.

71.    zuMedia's conduct constitutes infringement of IMDb's exclusive trademark rights in the IMDb Marks and unfair competition in violation of the common law.

72.    As a direct and proximate result of zuMedia's wrongful acts, IMDb has suffered and continues to suffer irreparable injury to its reputation, as well as the goodwill developed by IMDb in the IMDb Marks.  The extent of this harm cannot be ascertained at this time, leaving IMDb without any adequate remedy at law.

73.    By reason of the foregoing, IMDb is entitled to injunctive relief against zuMedia, restraining zuMedia from further acts of unfair competition and infringement of the IMDb Marks.

74.    zuMedia's use of a confusing imitation of the IMDb Marks in connection with the promotion and offering of its goods and services under the DMDb Marks is a knowing, willful, and intentional violation of IMDb's common law rights, demonstrating bad-faith intent to trade on the goodwill associated with IMDb's trademarks.

**COUNT V**

**Unfair Competition under the New York Consumer Protection from Deceptive Acts and Practices Act, N.Y. Gen. Bus. Law § 349**

75.    IMDb repeats and realleges the preceding paragraphs as if further set forth herein.

76.    zuMedia's use in New York of the DMDb Marks is likely to cause consumer confusion, deception, or mistake in light of IMDb's long and widespread use of the IMDb Marks in the state.

77.    zuMedia's wrongful acts, as set forth above, therefore constitute unfair competition, misappropriation of IMDb's goodwill, and palming off under the Consumer Protection from Deceptive Acts and Practices Act, N.Y. Gen. Bus. Law § 349.

78.    IMDb has no adequate remedy at law, and if zuMedia's activities are not enjoined, such activities will cause continuing irreparable harm and injury to IMDb's trade names.

**COUNT VI**

**Trademark Infringement and Unfair Competition Under New York Common Law**

79.    IMDb repeats and realleges the preceding paragraphs as if further set forth herein.

80.    zuMedia, with knowledge and in willful disregard of IMDb's trademark rights, continues to advertise, promote, and sell goods and services using a mark that is confusingly similar to the IMDb Marks.  zuMedia's actions have caused, continue to cause, and are likely to cause confusion, deception, or mistake among the consuming public as to the source of zuMedia's goods and services, or cause members of the public to believe, incorrectly, that zuMedia's goods and services are endorsed, approved, or sponsored by IMDb, or that zuMedia is affiliated with IMDb in some way, when that is not the case.  zuMedia's actions therefore constitute unfair competition in violation of New York common law.

81.    As a direct and proximate result of zuMedia's unfair wrongful acts, IMDb has suffered and continues to suffer irreparable injury to its reputation, as well as the goodwill

developed by IMDb in the IMDb Marks. The extent of this harm cannot be ascertained at this time, leaving IMDb without any adequate remedy at law.

82.     By reason of the foregoing, IMDb is entitled to injunctive relief against zuMedia under New York common law, restraining zuMedia from further acts of unfair competition and infringement of the IMDb Marks.

## COUNT VII

### Declaration that Application Ser. No. 97/540,766 is Void Pursuant to 15 U.S.C. § 1060(a)(1)

83.     IMDb incorporates each of the preceding paragraphs as if fully set forth herein.

84.     The Lanham Act provides that "[i]n any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, … restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action." 15 U.S.C. § 1119. The Lanham Act also defines an application for use of trademark as a "request for registration of a trademark on the principal register." 15 U.S.C. § 1051. Because a challenge to an application affects the applicant's right to the registration, courts may resolve disputes involving trademark applications, and may direct the United States Patent and Trademark Office to cancel the same.

85.     An intent-to-use trademark application may only be assigned after the original applicant files an allegation or statement of use, or, prior to the filing of an allegation of use, if it is assigned "to a successor of the business of the applicant, or portion thereof, to which the mark pertains, if that business is ongoing and existing." 15 U.S.C. § 1060(a)(1); *see also* 37 C.F.R. § 3.16.

86.     The assignment of an intent-to-use trademark application to an assignor who is not the successor to the applicant's business (before filing an allegation of use) voids the assignment as well as the underlying application and any resulting registration.

87.     zuMedia's founder, Phyllis Jager, filed Application Serial No. 97/540,766, for the wordmark DMDB, on an intent-to-use basis.

88.     Jager purported to assign Application Serial No. 97/540,766 to zuMedia on January 25, 2023.

89.     Jager did not file a statement of use evidencing any use of the DMDb mark in commerce prior to purporting to assign Application Serial No. 97/540,766 to zuMedia.

90.     On information and belief, Jager did not offer any goods or services or carry on any business under the DMDb Marks prior to assigning Application Serial No. 97/540,766 to zuMedia.

91.     On information and belief, zuMedia is not the successor to any business of Jager, or to any portion of a business to which the DMDb Marks pertained.

92.     As a result, IMDb is entitled to a declaration that Application Serial No. 97/540,766 is void under Section 10(a)(1) of the Lanham Act, 15 U.S.C. § 1060(a)(1).

## <u>PRAYER FOR RELIEF</u>

Wherefore, IMDb prays for the following relief:

1.     That zuMedia be enjoined and restrained permanently:

   a.   From using in any manner or registering the DMDb Marks, or any other mark which so resembles the IMDb Marks as to be likely to cause confusion, deception, or mistake on or in connection with zuMedia's goods or services not emanating from IMDb or not authorized by IMDb;

    b.  From committing any acts calculated to cause consumers to believe that zuMedia's goods or services are offered under the control or supervision of IMDb, or are sponsored or approved by, connected with, guaranteed by, or produced under the control and supervision of IMDb;

    c.  From further diluting and infringing the IMDb Marks and damaging IMDb's reputation and its goodwill in the IMDb Marks; and

    d.  From otherwise competing unfairly with IMDb in any manner.

2. That zuMedia be ordered to expressly abandon its U.S. trademark applications for the DMDb Marks (including Serial Nos. 97/540,766, 97/798,384, 97/799,285, and 97/866,989);

3. For an order declaring that Application Serial Nos. 97/540,766 is void;

4. That zuMedia account for and pay over to IMDb any profits realized by zuMedia by reason of zuMedia's unlawful and willful acts as alleged herein;

5. That IMDb be awarded actual damages in an amount to be proven at trial, and further that IMDb be awarded punitive damages in an amount to be proven at trial;

6. That the amount of damages be awarded to IMDb be increased by a sum not exceeding three times the amount thereof as provided by law;

7. That IMDb be awarded interest, including pre-judgment interest, on all sums;

8. That IMDb be awarded its costs and reasonable attorney's fees and have such other and further relief as the Court may deem equitable, including, but not limited to any relief set forth under 15 U.S.C. §§ 1116-1118, N.Y. Gen. Bus. Law § 349, and New York common law; and

9. That IMDb have such other and further relief as the Court deems just and proper.

*//*

*//*

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Federal Rule 38(b), IMDb hereby demands a jury trial on all issues so triable that are raised by these Counterclaims.

Dated: November 7, 2024

Respectfully submitted,

By: */s/ Thomas L. Holt*
    Thomas L. Holt, No. 5580816
    PERKINS COIE LLP
    110 North Wacker Drive, 34th Floor
    Chicago, IL 60606
    +1 (312) 324-8400
    THolt@perkinscoie.com

    Emily B. Cooper, No. 5415302
    PERKINS COIE LLP
    1155 Avenue of the Americas, 22nd Floor
    New York, NY 10036-2711
    +1 (212) 262-6900
    ECooper@perkinscoie.com

    John H. Gray (*pro hac vice* application
    forthcoming)
    PERKINS COIE LLP
    2525 E Camelback Road, Suite 500
    Phoenix, Arizona 85016
    +1 (602) 351-8000
    JHGray@perkinscoie.com

    Caleb Bacos (*pro hac vice* application
    forthcoming)
    PERKINS COIE LLP
    1201 3rd Ave #4900, Seattle, WA 98101
    +1 (206) 359-8000
    CBacos@perkinscoie.com

    *Attorneys for IMDb.com, Inc.*